**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANITA J. TULKO, | CIVIL ACTION NO. 10-2451 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| UNITED STATES POSTAL SERVICE, |  |
| Defendant. |  |

**COOPER, District Judge**

The plaintiff, Anita Tulko ("plaintiff"), originally brought this action in New Jersey Superior Court on April 20, 2010. (Dkt. entry no. 1, Notice of Removal, Ex. 1, Compl.)  The defendant, the United States Postal Service ("USPS"), timely removed the action to this Court pursuant to 28 U.S.C. § 1441 and 39 U.S.C. § 409(a) on May 13, 2010.  (Notice of Removal.)[1]  USPS now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. entry no. 5, Mot. to Dismiss.)  The plaintiff opposes the motion.  (Dkt. entry no. 6, Pl. Br.)  The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will grant the motion.

---

[1] 39 U.S.C. § 409(a) grants United States District Courts original jurisdiction over actions brought by or against the USPS.

**BACKGROUND**

The plaintiff alleges that she shipped a ring via Priority Mail to St. Maarten, Netherlands Antilles on April 24, 2009. (Compl. at ¶ 3.)  The plaintiff claims that she disclosed the contents of her package to a USPS employee and that the employee proceeded with the transaction without informing her of the relevant restrictions on mailability and insurability.  (Id. at ¶ 7.)  The plaintiff purchased $3,500 worth of insurance on the package.  (Id. at ¶ 4.)  The plaintiff then received a receipt indicating, in pertinent part, that gold, precious stones, and jewelry, such as the ring she was mailing, are prohibited from being sent to the Netherlands Antilles (including St. Maarten) via Priority Mail.  (Dkt. entry no. 5, USPS Br. at 8.)  Such items may only be sent via registered First-Class Mail International.  (Id. at 2.)  The plaintiff claims that she was unaware of any such restrictions.  (Compl. at ¶ 8.)

The plaintiff later inquired about the status of her shipment and was allegedly informed that the ring had been lost.  (Id. at ¶ 5.)  The plaintiff subsequently filed an insurance indemnification claim with USPS, seeking reimbursement in the amount of $3,500.  (Id. at ¶ 6.)  USPS denied this claim because the plaintiff mailed a prohibited item.  (USPS Br. at 6.) The plaintiff then pursued the necessary administrative appeals from the decision; her appeals were denied on the same grounds.  (Id.

at 2.)  The International Mail Manual ("IMM") expressly states that jewelry is prohibited from being sent to the Netherlands Antilles unless it is sent via First-Class Mail International, and further states that mailers will not be indemnified for lost packages if the contents therein were restricted.  (Id. at 10.)

## DISCUSSION

### I.   12(b)(6) Motion to Dismiss Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the

'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

**II.  IMM**

The IMM outlines the federal regulations with which a mailer must comply if the mailer elects to use the international mailing services of the USPS.[2]  IMM regulations are binding and incorporated into the Code of Federal Regulations at 39 C.F.R. § 20.1.  The IMM has the force and effect of law, and binds those whose actions fall within its provisions, irrespective of actual knowledge of the provisions.  See Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947).  The IMM is also readily accessible to prospective mailers and its terms and provisions are clear and unambiguous.[3]

The IMM's Individual Country Listing ("ICL") for the Netherlands Antilles specifically states that gold, jewelry, and precious stones are prohibited, nonmailable items unless they are sent by registered First-Class Mail International.  (IMM at 672-74, ICL for the Netherlands Antilles.)  This information was also

---

[2] Each mailer certifies in a Customs Declaration that the package "does not contain any . . . articles prohibited by legislation or by postal or customs regulations."  (USPS Br. at 7.)  The plaintiff signed such certification when she mailed her package on April 24, 2009.  (Id.)

[3] The IMM can be accessed at http://pe.usps.gov, and is also available for inspection at any post office. Ames v. U.S. Postal Serv., No. 05-2499, 2005 WL 3536202, at *1 (D.N.J. Dec. 21, 2005).

4

published on the reverse side of the plaintiff's postage receipt, which she received when she purchased the insurance. (USPS Br. at 8.) The language on the receipt unambiguously read: "The following are prohibited in Priority Mail International to this country: coins; currency; securities payable to bearer; traveler's checks; <u>platinum, gold and silver; precious stones; jewelry</u>; watches; and other valuable items." (<u>Id.</u> (emphasis added).)

The IMM provides that the USPS is under no obligation to indemnify mailers if the contents of the lost parcel were prohibited, regardless of whether insurance was obtained. (IMM § 932(c))  The IMM further insulates the USPS from liability as it expressly indicates in an exclusionary clause that "[r]egardless of any statement in this manual <u>or the statement of an employee of the United States Postal Service</u>, the burden rests with the mailer to ensure compliance with domestic, international, and individual country rules and regulations for mailability." (IMM § 131.4 (emphasis added).)  Under a plain reading of this section, nothing can shift the burden of ensuring compliance with the IMM from the mailer to the USPS.

### III. Current Motion

Notwithstanding the unambiguous terms of the IMM and the ICL for the Netherlands Antilles, the plaintiff argues that she disclosed the contents of her package to a USPS employee and

5

depended upon the employee to inform her of the procedures and regulations governing her shipment. (Compl. at ¶¶ 4, 9.) The plaintiff claims that had she been made aware of the restrictions on her package, she would have made other shipping arrangements, and that the employee's failure to disclose the relevant restrictions on mailability caused her $3,500 in damage. (Id. at ¶ 8).

The plaintiff further claims that she was at a disadvantage when dealing with the USPS, as mailers are not in an equal bargaining position. (Pl. Br. at 4.) The plaintiff therefore argues that the IMM's exclusionary clause should not be given effect, and that the USPS should be estopped from denying her insurance indemnification claim and prevented from benefitting from the negligence of one of its employees. (Id. at 3-4.)

## IV. Analysis of the Motion

The plaintiff's claim that the USPS employee failed to inform her of the IMM's prohibitions is immaterial. "[A] claimant cannot rely on alleged oral misrepresentations of a Government official to reform the terms of a clearly written contract." Humlen v. United States, 49 Fed. Cl. 497, 505 (2001). Any contrary interpretation given by a USPS employee "[cannot] prevail over the instrument itself." A.E. Alie & Sons, Inc. v. U.S. Postal Serv., 897 F.2d 591, 592 (1st Cir. 1990). This Court held in Strudler v. U.S. Post Office that the USPS had no

6

obligation to indemnify the plaintiff for a lost watch, even though a USPS employee erroneously informed the plaintiff that the watch, which was a prohibited item in the destination country, could be insured.  No. 05-6012, 2006 WL 891179, at *1 (D.N.J. Apr. 5, 2006).  Similarly in Ames, the Court held that there was no obligation to pay an insurance indemnification claim on a prohibited item and found that the USPS employee's misrepresentation of insurability was inconsequential.  2005 WL 3536202, at *4.

The plaintiff's further assertion that estoppel should prevent the USPS from denying her indemnification claim is also without merit.  At a minimum, estoppel requires that the party reasonably relied on a misrepresentation of fact and, in reliance on the misrepresentation, changed a position for the worse.  See S&H Hardware & Supply Co. v. Yellow Transp., Inc., 432 F.3d 550, 555 (3d Cir. 2005).  Reliance on the representations of a USPS employee, however, is not reasonable.  A.E. Alie & Sons, 897 F.2d at 593; see also Ames, 2005 WL 3536202, at *3 (stating that reliance on a USPS employee's oral representations is not reasonable where the mailer could have learned the restrictions on insurability through the exercise of reasonable diligence, i.e., reading the reverse side of the mail label disclosing the limits of indemnification); Persick v. U.S. Post Office, No. 00-5062, 2001 U.S. Dist. LEXIS 1938, at *8 (E.D. Pa. Feb. 23, 2001)

(stating that a mailer's reliance is unreasonable where USPS employee failed to disclose the limitations of liability, which were expressly outlined on the mail label).

The limitations of USPS liability were stated on the reverse side of the plaintiff's receipt, as was the listing of prohibited, uninsurable items. "The Government cannot be estopped by the action of its agent when that agent acts . . . contrary to law." United States v. Vonderau, 837 F.2d 1540, 1541 (11th Cir. 1988) (citations omitted); see also Heckler v. Cmty. Health Servs., 467 U.S. 51, 63 (1984) (stating the "general rule" is that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law.").

In order to invoke estoppel against a government agency, the plaintiff must satisfy an "additional burden" and prove affirmative misconduct. Fredericks v. Comm'r of Internal Revenue, 126 F.3d 433, 438 (3d Cir. 1997) (citations omitted). In Hollister v. U.S. Postal Serv., 142 Fed.Appx. 576 (3d Cir. 2005), the plaintiff's failure to establish affirmative misconduct on the part of USPS was fatal to his claim, as an inability to demonstrate affirmative misconduct warranted dismissal of the claim.

"A simple misstatement is not affirmative misconduct." Rider v. U.S. Postal Serv., 862 F.2d 239, 241 (9th Cir. 1988);

see also Heckler, 467 U.S. at 64 (stating that erroneous advice provided by a government agent was insufficient, in itself, to raise an estoppel).  As the plaintiff is unable to show anything more than the failure of a USPS employee to disclose the limitations of liability, she has failed to demonstrate, and even allege, affirmative misconduct on the part of the USPS employee.  Her estoppel argument thus fails.

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion to dismiss.  The Court will issue an appropriate order and judgment.

        s/Mary L. Cooper  
        **MARY L. COOPER**  
        United States District Judge

Dated:    June 23, 2010